Chief Justice Robertson
delivered the Opinion of the Court.
This appeal is brought to reverse a decree for partition of slaves, between the appellees, who were complainants, and the appellants, who were defendants below; and, as the right to partition is indisputable, the only questions we shall consider are — (1.) whether the Circuit Court erred in rendering a final decree before the commissioners appointed to make the partition, had either reported or acted; and (2.) whether it was proper, as was done in the decree, to charge the appellant, Jefferson Seay, with seven hundred and fifty dollars, *556 the estimated present value of a negro boy which he had sold, and also, with the estimated value of his hire from the time he took possession of him until the partition.
As to the mode of valuing the property, including the slave sold, and producing a just equality in the final division-see the opinion.
First. It was certainly improvident to leave to the commissioner the final control over the partition:—the Court ought to have continued the case, and retained jurisdiction over it and the parties, until the commissioner had made his report, and it had been approved by the Court.
Second. As Seay, in right of his wife, had a joint interest in the slaves, a sale of one of them by him, should, we think, be deemed, not only a conversion to his own use, but a partition pro tanto. If the slave afterwards died, the appellants would certainly claim and be entitled to a charge against Seay, for the value at the time of sale; or if the slave be yet living, and be of less value than at the time of sale, they would claim and be entitled to the same charge in the partition.
It does not seem to be reasonable to charge Seay with the estimated present value of a slave worth probably not near as much when sold by him, and to charge him also, for the hire after the sale—and the more especially, as it does not appear whether the slave is still living, nor, if living, what is his condition now as to health, size, or qualities.
As Seay elected to take the boy to himself, and converted him in such a manner as to preclude a future partition, including him, and as the co-tenants were, at the time of the conversion, entitled to have a distribution of all the slaves, and have not sought a restitution of that boy—it seems to us that Seay should be charged with the relative value of him when sold. If that value equalled Seay's distributive interest in all the slaves existing at the time of conversion, he is entitled to no interest in the remaining slaves, or their increase, having, by his own wrongful act, made a partition for himself and taken his full share. If he took too much, he is responsible for the excess, and for interest upon it. And if he did not take as much as the value (at that time) of his interest, he is entitled to participate, to the extent of the *557 deficit,in the partition yet to be made by the Court: for example, if the relative value of the boy, when he was sold, augmented by what Seay owed to his co-tenants for the exclusive prior use of the slaves, was less, by one fourth, than his distributive interest, he is now entitled to one twelfth part of the remaining slaves, and is chargeable with eleven twelfths of the value of the use of them ever since the sale of the boy.
If the relative value of the boy at the time of sale, together with what Seay then owed his co-tenants for hire, exceeded the distributive share to which he was then entitled, he is responsible for the excess, with current interest thereon, and for full hire for the remaining slaves, and is entitled to no share in the partition of them, but only to a reasonable allowance for the rearing of such as may have been born in his possession, to be deducted from the hire.
The relative value of the boy sold by Seay, to be estimated at the time of sale, and the amount which he owed his co-tenants, at that time, for the use of all the slaves, should, of course, be ascertained by a commissioner or otherwise.
If the principle herein recognized be not just, then that which was adopted by the Circuit Court was the true one: that is, that, as Seay has put it out of the power of his co-tenants to have partition of the boy sold by him, he should be chargeable as if the boy were still in his possession, and should now be allotted to him; and we think the principle assumed as the foundation of this opinion, is the more just and consistent of the two, according to the facts of this case.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded for further proceedings and decree, according to the foregoing opinion.